**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ENRIQUE MERCADO-CUEN,

Defendant - Appellant.

No. 13-50074

D.C. No. 3:11-cr-05687-AJB-2

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Submitted January 8, 2014[**]
Pasadena, California

Before: W. FLETCHER, M. SMITH, and WATFORD, Circuit Judges.

**1.** The district court did not plainly err by admitting testimony concerning the threat made against one of the government's witnesses. It's true, as Mercado-Cuen argues, that he did not make the threat himself. But Mercado-Cuen did make

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

statements suggesting that he had encouraged or approved of the threat, and those statements were relevant because they tended to show consciousness of guilt. *See United States v. Meling*, 47 F.3d 1546, 1557 (9th Cir. 1995). The probative value of the testimony outweighed any danger of unfair prejudice. Evidence of an attempt to intimidate a witness is "second only to a confession in terms of probative value" regarding consciousness of guilt. *Id.*

**2.** The district court did not abuse its discretion at sentencing. Contrary to Mercado-Cuen's argument, the court did not attach a presumption of reasonableness to the Guidelines range or give undue weight to that range. *See United States v. Carty*, 520 F.3d 984, 994 (9th Cir. 2008) (en banc). Instead, the court repeatedly stated that the base offense level was advisory and properly "treated the Guidelines range as a baseline, and moved from there to tailor a sentence to the individualized offense and offender characteristics." *Id.*

**AFFIRMED.**